UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN EUBANKS,

       Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, MANUEL UREÑA,
Principal of the High School of Art and Design, &
ELMA REINGOLD, Assistant Principal of the High
School of Art and Design

       Defendants.



COMPLAINT

cv **18CV7877**

JURY TRIAL DEMANDED

Plaintiff **KAREN EUBANKS**, *pro se*, as and for her Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff teacher Karen Eubanks brings this action based on unlawful discrimination and retaliation on the basis of her age and race in violation of the federal Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin Code §§8-107.

2. Defendants created a hostile work environment on the basis of Plaintiff's age and race. Furthermore, Defendants issued Plaintiff an "Unsatisfactory" Annual Professional Performance Review after she complained about harassment she was experiencing at the High

1

School for Art and Design. This U-rating has prevented Plaintiff from earning per session compensation.

3.  This action seeks declaratory and equitable relief, compensatory damages, and attorney fees.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the American with Disabilities Act of 1990, a federal statute.

5.  As to claims under New York State and City law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant is subject to personal jurisdiction in this District and maintains a headquarters in Manhattan, New York.

## THE PARTIES

7.  Plaintiff Karen Eubanks is a resident of the State of New York.

8.  At all times relevant herein, Plaintiff was an "eligible employee" as defined by 42 U.S.C. § 12111 and 29 U.S.C. § 630.

9.  At all times relevant herein, Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*, and an "employer" as defined by 42 U.S.C. § 12111 and 29 U.S.C. § 630.

10. At all times relevant herein, Defendant MANUEL UREÑA was the principal of the High School of Art and Design, a high school in Manhattan, New York, within the New York City Department of Education.

11. At all times relevant herein, Defendant ELMA REINGOLD was the assistant principal of the High School of Art and Design, a high school in Manhattan, New York, within the New York City Department of Education.

## FACTUAL ALLEGATIONS

12. Plaintiff began working for Defendant NYCDOE in 2001 as a part-time ballet teaching artist.

13. In 2003, Plaintiff was appointed as a full-time dance teacher at E.W. Stitt. Middle School.

14. Plaintiff continued working as a dance teacher at a variety of schools until June 2015, when Plaintiff was excessed due to a restructuring at Gramercy Arts High School.

15. On or about August 1, 2015, Plaintiff began a medical sabbatical for a left anterior hip replacement. Plaintiff remained on sabbatical until January 31, 2016.

16. On or about February 1, 2016, Plaintiff returned from her medical sabbatical and began teaching as a teacher in the Absent Teacher Reserve ("ATR").

17. From February 1, 2016 until the end of the 2015-16 school year, Plaintiff taught at a variety of schools as an ATR teacher, including the High School of Environment Studies.

18. While at the High School of Environmental Studies, Plaintiff reported a number of incidents involving students to the school's administration. In response and in retaliation for reporting these incidents, the school issued Plaintiff several letters to file and an "Unsatisfactory" Annual Professional Performance Review ("APPR").

19. On June 28, 2016, Plaintiff was served with Charges and Specifications pursuant to Education Law Section 3020-a.

20. This resulted in an Education Law Section 3020-a hearing, which culminated in Plaintiff receiving a Letter of Reprimand on January 10, 2017.

21. Following the Education Law 3020-a process, Plaintiff returned to the ATR pool.

22. Subsequently, she was assigned to a number of schools, including the High School of Art and Design.

23. In or around February 2017, Plaintiff was assigned to work at the High School of Art and Design, under the leadership of Principal Manuel Ureña.

24. Plaintiff immediately began experiencing racial-based harassment from the students, including being called "nigger" and "black stuff". This racial-based harassment continued throughout the remainder of her stay at the High School for Art and Design – until April 28, 2017.

25. When Plaintiff reported this harassment by students to her administration, the administration not only failed to intervene, but began treating Plaintiff with hostility.

26. Specifically, Plaintiff was treated in a disparate fashion by the High School for Art and Design administration, including Assistant Principal Elma Reingold and Principal Manuel Ureña, after she complained of racial-based harassment by students. For example, Defendants asked Plaintiff to do work that violated the collective bargaining agreement between the United Federation of Teachers and the NYCDOE; Plaintiff did not receive a daily schedule, which prevented her from taking her contractually-guaranteed duty-free lunch breaks, caused her to work five consecutive periods, and prevented her from taking bathroom breaks; and Defendants falsely accused Plaintiff of allegations of misconduct.

27. In addition to treating Plaintiff in a disparate fashion due to her race, Defendants treated other non-white individuals were treated in a disparate fashion at the High School for Art and Design.

28. As a result of this mistreatment, Plaintiff experienced anxiety, depression, and adverse health effects, including high blood pressure.

29. On or about April 28, 2017, Plaintiff filed a complaint with the NYCDOE's Office of Equal Opportunity ("OEO"). In this complaint, Plaintiff included numerous incident forms documenting the harassment that she had been experiencing from both students and the administration at the High School for Art and Design.

30. This same day, April 28, 2017, after filing her OEO complaint, Plaintiff received notice that she was being transferred to another school.

31. Thereafter, from May 1, 2017 until June 28, 2017, Plaintiff was reassigned to the Urban Assembly for the Performing Arts.

32. On or about June 27, 2017, while still assigned to the Urban Assembly for the Performing Arts, Plaintiff received a letter to file from Defendant Reingold alleging professional misconduct.

33. Shortly thereafter, Plaintiff received a "P" annual rating for the 2016-17 school year. After she inquired as to the meaning of a "P" rating with Amy Arundell, Plaintiff's personnel director, Plaintiff eventually received a copy of her rating, which stated that she had received a "Satisfactory" rating for the 2016-17 school year.

34. However, in or around October 2017, upon meeting her new ATR supervisor, Plaintiff learned that her "Satisfactory" rating for the 2016-17 school year had been changed to an "Unsatisfactory" rating by Defendant Ureña.

35. As a result of receiving the "Unsatisfactory" rating for the 2016-17 school year, Plaintiff was denied the opportunity to work and earn per session compensation during the 2017-18 school year. Additionally, Plaintiff has been denied the opportunity to attend out-of-school professional development sessions for which other teachers receive additional compensation.

36. On October 10, 2017, Plaintiff filed a charge of discrimination and retaliation with the New York State Division of Human Rights ("DHR") and Equal Employment Opportunity Commission ("EEOC").

37. On October 13, 2017, Defendants served Plaintiff with a new set of Education Law Section 3020-a charges, stemming from the false allegations made by Defendants Ureña and Reingold while Plaintiff was assigned to the High School for Art and Design.

38. Since being served with these charges, Plaintiff has been reassigned and is currently awaiting for her hearing to be scheduled.

39. Plaintiff requested and received a Right to Sue letter from the EEOC, dated May 31, 2018, a copy of which is attached to this complaint.

**FIRST CLAIM FOR RELIEF**
**(Against Defendant NYCDOE – Age Discrimination and Retaliation in Violation of ADEA)**

40. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

41. Defendants, through the aforementioned conduct, have violated the federal Age Discrimination in Employment Act, by discriminating and retaliating against Plaintiff and by creating a hostile work environment. Specifically, Defendant preferred Education Law Section 3020-a charges against Plaintiff, denied her per session income opportunities, issued her

6

unwarranted letters to file, and failed to adequately investigate her claims of harassment, in addition to other forms of harassment.

42. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Against Defendant NYCDOE – Race Discrimination and Retaliation Based on Race and Age in Violation of Title VII)

43. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

44. Defendant, through the aforementioned conduct, has violated Title VII, by discriminating and retaliating against Plaintiff and creating a hostile work environment. Specifically, Defendant preferred Education Law Section 3020-a charges against Plaintiff, denied her per session income opportunities, issued her unwarranted letters to file, and failed to adequately investigate her claims of harassment, in addition to other forms of harassment.

45. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Against all Defendants – Age and Race Discrimination and Retaliation in Violation of NYSHRL)

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York State Human Rights Law by discriminating against Plaintiff and creating a hostile work environment.

48. As a result, Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF

**(Against all Defendants – Age and Race Discrimination and Retaliation in Violation of NYCHRL)**

49. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York City Human Rights Law by discriminating against Plaintiff and creating a hostile work environment.

51. As a result, Plaintiff suffered damages in an amount to be determined at trial.

### JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants are in violation of the ADA;

B. A declaratory judgment that Defendants are in violation of Title VII;

    C.    A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

    D.    A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

    E.    Enjoining Defendants from engaging in any similar violation;

    F.    Awarding Plaintiffs compensatory damages pursuant to the ADA, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law;

    G.    Awarding Plaintiffs punitive damages;

    H.    Awarding Plaintiffs costs and reasonable attorneys' fees; and

    I.    Such other and further relief as to this Court may deem necessary, just and proper.

Dated:    New York, New York
August 27, 2018

By: _____
Karen Eubanks
70 Lasalle Ave
New York, NY 10027
(347) 404-2789
clarityphase@cs.com

35. As a result of receiving the "Unsatisfactory" rating for the 2016-17 school year, Plaintiff was denied the opportunity to work and earn per session compensation during the 2017-18 school year. Additionally, Plaintiff has been denied the opportunity to attend out-of-school professional development sessions for which other teachers receive additional compensation.

36. On October 10, 2017, Plaintiff filed a charge of discrimination and retaliation with the New York State Division of Human Rights ("DHR") and Equal Employment Opportunity Commission ("EEOC").

37. On October 13, 2017, Defendants served Plaintiff with a new set of Education Law Section 3020-a charges, stemming from the false allegations made by Defendants Ureña and Reingold while Plaintiff was assigned to the High School for Art and Design.

38. Since being served with these charges, Plaintiff has been reassigned and is currently awaiting for her hearing to be scheduled.

39. Plaintiff requested and received a Right to Sue letter from the EEOC, dated May 31, 2018, a copy of which is attached to this complaint.

## FIRST CLAIM FOR RELIEF
**(Against Defendant NYCDOE – Age Discrimination and Retaliation in Violation of ADEA)**

40. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

41. Defendants, through the aforementioned conduct, have violated the federal Age Discrimination in Employment Act, by discriminating and retaliating against Plaintiff and by creating a hostile work environment. Specifically, Defendant preferred Education Law Section 3020-a charges against Plaintiff, denied her per session income opportunities, issued her

unwarranted letters to file, and failed to adequately investigate her claims of harassment, in addition to other forms of harassment.

42. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Race Discrimination and Retaliation Based on Race and Age in Violation of Title VII)**

43. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

44. Defendant, through the aforementioned conduct, has violated Title VII, by discriminating and retaliating against Plaintiff and creating a hostile work environment. Specifically, Defendant preferred Education Law Section 3020-a charges against Plaintiff, denied her per session income opportunities, issued her unwarranted letters to file, and failed to adequately investigate her claims of harassment, in addition to other forms of harassment.

45. As a result, Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Against all Defendants – Age and Race Discrimination and Retaliation in Violation of NYSHRL)**

46. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

7

47. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York State Human Rights Law by discriminating against Plaintiff and creating a hostile work environment.

48. As a result, Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Against all Defendants – Age and Race Discrimination and Retaliation in Violation of NYCHRL)**

49. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50. Based upon the foregoing, Defendants deliberately, intentionally and willfully violated the New York City Human Rights Law by discriminating against Plaintiff and creating a hostile work environment.

51. As a result, Plaintiff suffered damages in an amount to be determined at trial.

### JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants are in violation of the ADA;

B. A declaratory judgment that Defendants are in violation of Title VII;

C. A declaratory judgment that Defendants are in violation of the New York State Human Rights Law;

D. A declaratory judgment that Defendants are in violation of the New York City Human Rights Law;

E. Enjoining Defendants from engaging in any similar violation;

F. Awarding Plaintiffs compensatory damages pursuant to the ADA, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law;

G. Awarding Plaintiffs punitive damages;

H. Awarding Plaintiffs costs and reasonable attorneys' fees; and

I. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
August 27, 2018

By: _____
Karen Eubanks
70 Lasalle Ave
New York, NY 10027
(347) 404-2789
clarityphase@cs.com

9

| EEOC Form 161 (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** |

| To: | Karen Eubanks<br>70 Lasalle Ave.<br>New York, NY 10027 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2018-01522 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*     **Charging Party wishes to pursue matter in a Federal District Court.**

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
District Director

May 31, 2018
*(Date Mailed)*

Enclosures(s)

cc:
CITY OF NEW YORK, DEPARTMENT OF EDU
Attn: Toni Gantz, Deputy Counsel
52 Chambers Street, Room 3
New York, NY 10007

Jordan F. Harlow
Glass Krakower LLP
100 Church Street, Suite 800
New York, NY 10007