UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KAREN EUBANKS,

                                  Plaintiff,

             -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, MANUEL UREÑA, Principal of the
High School of Art and Design, & ELMA
REINGOLD, Assistant Principal of the High School of
Art and Design

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO
COMPLAINT**

18-cv-7877 (VEC)

        Defendants New York City Department of Education ("DOE"), Manuel Ureña, and Elma Reingold, by their attorney **ZACHARY W. CARTER**, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated August 27, 2018, respectfully allege as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff received an "Unsatisfactory" rating for the 2016-2017 school year.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to assert the basis for jurisdiction, and respectfully refer the Court to the statutory authority referred to therein for complete and accurate statements of their contents.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to assert the basis for jurisdiction, and respectfully refer the Court to the statutory authority referred to therein for complete and accurate statements of their contents.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to assert the basis for venue, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Manuel Ureña has been Principal of the High School of Art and Design, a DOE school, since January 2016.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Elma Reingold has been an Assistant Principal of the High School of Art and Design, a DOE school, since 2006.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, and affirmatively state that Plaintiff began her employment with DOE in 2000.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff was appointed as a full-time teacher at E.W. Stitt Middle School in 2003.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff was excessed following the 2014-2015 school year.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff was granted a six-month health sabbatical beginning on August 1, 2015, and that she returned to work on February 1, 2016.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff returned from her health sabbatical on February 1, 2016, and was placed in the Absent Teacher Reserve.

17.     Deny the allegations set forth in paragraph "17" of the Complaint, except admit that from February 2016 until the end of the 2015-16 school year, Plaintiff was placed in the Absent Teacher Reserve and, in that capacity, was assigned to various DOE schools, including the High School of Environmental Studies.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff received an "Unsatisfactory" annual performance rating for the 2015-2016 school year.

19.     Admit the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that following a disciplinary hearing, held pursuant to Education Law Section 3020-a, at which testimony was taken, Hearing Officer Doyle Pryor issued an Award, dated January 10,

2017, which determined the appropriate penalty for Plaintiff's proven misconduct to be a formal disciplinary reprimand, which was given to Plaintiff and maintained in her personnel file.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that following the issuance of Hearing Officer Pryor's January 10, 2017 Award, the Plaintiff continued to be given ATR assignments.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff was given ATR assignments in a number of DOE schools after January 2017.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff was assigned to the High School of Art and Design as an ATR teacher in February 2017, and Manuel Ureña has been Principal of the High of Art and Design since January 2016.

24.     Deny the allegation set forth in paragraph "24" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what Plaintiff personally observed or experienced in February through April 2017.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of any medical conditions Plaintiff has experienced.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Plaintiff filed four complaints with the DOE's Office of Equal Opportunity &

Diversity Management ("OEO") in 2017, and respectfully refer the Court to copies of those complaints for a complete and accurate statement of their contents.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiff filed four OEO complaints in 2017 and that, effective May 2017, Plaintiff was reassigned, as an ATR, to the Urban Assembly for the Performing Arts.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that Plaintiff was assigned, as an ATR, to the Urban Assembly for the Performing Arts in May and June 2017.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Assistant Principal Reingold wrote a letter, dated June 28, 2017, to plaintiff, and respectfully refer the Court to such letter for a complete and accurate statement of its contents.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, except admit that in or around June 2017, Plaintiff received a ratings sheet with a "Satisfactory" annual performance rating for the 2016-2017 school year.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff's annual performance rating for the 2016-2017 school year was changed to "Unsatisfactory."

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that on or around October 18, 2017, Plaintiff filed charges with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC").

37.     Deny the allegations set forth in paragraph "37" of the Complaint, except admit that on October 18, 2017, disciplinary charges were served on Plaintiff, pursuant to Section 3020-a, and respectfully refer the Court to such charges for a complete and accurate statement of their contents.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except admit that Plaintiff has been reassigned from ATR and that, to date, a disciplinary hearing pursuant to Education Law Section 3020-a has yet to be scheduled.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except admit that the EEOC issued a Right to Sue letter, dated May 31, 2018, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

40.     In response to the allegations set forth in paragraph "40" of the Complaint, Defendants repeat and reallege their responses to all the preceding paragraphs of the Complaint, as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege their responses to all the preceding paragraphs of the Complaint, as if fully set forth herein.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     In response to the allegations set forth in paragraph "46" of the Complaint, Defendants repeat and reallege their responses to all the preceding paragraphs of the Complaint, as if fully set forth herein.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     In response to the allegations set forth in paragraph "49" of the Complaint, Defendants repeat and reallege their responses to all the preceding paragraphs of the Complaint, as if fully set forth herein.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

52.     The Complaint fails to state any claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

53.     At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations.

### AS AND FOR A THIRD DEFENSE

54.     Defendants are not liable under the New York City Human Rights Law, N.Y.C. Administrative Code §§8-107, *et seq.*, where conduct complained of consists of nothing

more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.

### AS AND FOR A FOURTH DEFENSE

55.   The request for punitive damages is barred because such damages are not available against a government or governmental subdivision.

### AS AND FOR A FIFTH DEFENSE

56.   Any claims in this action not timely or previously presented to the EEOC within Plaintiff's Charge of Discrimination must be dismissed for failure to satisfy a condition precedent to suit.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             December 31, 2018

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-108
                              New York, New York 10007
                              (212) 356-2440
                              shwood@law.nyc.gov

By:                              Shaina Wood
                              Assistant Corporation Counsel

cc:      Karen Eubanks (By ECF and U.S. Mail)
          Plaintiff *pro se*
          70 Lasalle Avenue
          New York, NY
          10027