# Milbank

**MARION C. BURKE**

*Associate*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5065
mburke@milbank.com | milbank.com

**BY ECF**

Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Eubanks v. New York City Department of Education, et al.*, 18-CV-7877

Dear Judge Cave:

    We represent Plaintiff Karen Eubanks in the above-referenced action for the limited purpose of taking and defending depositions. We write on behalf of Plaintiff in response to Defendants' letter motion for a discovery conference in anticipation of moving for a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See* ECF No. 20 ("Defendants' October 23, 2019 Letter Motion").

    The contested Rule 30(b)(6) topic seeks testimony on the following subject matter: "The search undertaken by or on behalf of the Defendants for communications (including emails), documents and records requested by Plaintiff and/or related to claims and defenses in this Action." *See* Notice of Deposition of New York City Department of Education, attached hereto as **Exhibit A**. As in *Burd v. Ford Motor Co.*, Defendants' "generic objections to 'discovery on discovery' and 'non-merits' discovery are outmoded and unpersuasive." No. 13-CV-20876, 2015 WL 4137915, at *8 (S.D. W. Va. July 8, 2015). The court in *Burd*, explained "discovery of document retention and disposition policies" are proper topics for a Rule 30(b)(6) deposition and are "not contingent upon a claim of spoliation or proof of discovery abuses." *Id.* at *9 (citation omitted). Courts permit inquiry into such topics through testimony under Rule 30(b)(6) without any heightened showing. For instance, in *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc.*, the Court ordered the production of a Rule 30(b)(6) witness to testify regarding the plaintiff's search for responsive documents and the process for eliminating non-responsive documents. No. 05-2164-MLB-DWB, 2007 WL 1054279, at *7 (D. Kan. Apr. 9, 2007). Similarly, in *Doe v. District of Columbia*, the Court ordered a Rule 30(b)(6) witness to testify regarding "the process used to collect the documents that have been produced or will be produced by the [defendant] in response to plaintiff's requests for production of documents." 230 F.R.D. 47, 55

(D.D.C. 2009). Neither court required a factual showing by the proponent of the discovery that information on the topic was warranted.

The cases cited by Defendants are largely inapplicable and, in any event, unpersuasive. *246 Sears Road Realty Corp. v. Exxon Mobil Corp.* is the only case cited by Defendants in which the court directly dealt with evaluating a Rule 30(b)(6) deposition regarding "discovery on discovery." No. 09-CV-889 (NGG) (JMA), 2011 WL 13254283, at *1, *4–5 (E.D.N.Y. Apr. 1, 2011). Therein, the plaintiff moved to compel the production of documents and the defendant cross-moved to obtain a protective order quashing a deposition notice. *Id.* Based on certain claimed production deficiencies, the plaintiff sought sworn statements regarding document collection. *Id.* at *4. The court found that "these requests are rightly collectively characterized as requests for discovery on discovery." *Id.* Regarding the additional Rule 30(b)(6) deposition notice on the same topic, the court found that, as an additional stand-alone deposition, the deposition would only serve to "further needlessly delay a case that is already more than two years old." *Id. 246 Sears Road Realty Corp.* is distinguishable because Plaintiff here included the Rule 30(b)(6) deposition topic in her originally noticed Rule 30(b)(6) deposition notice and the request does nothing to delay the case. The court prohibited the plaintiff from noticing any further depositions at all. *Id.* at *5. Moreover, it also stated that proper deposition questioning included probing the defendant's "compl[iance] with its discovery obligations." *Id.* at *4, *5.

The remainder of the cases cited by Defendants focus on the "adequate factual basis" inquiry that courts employ largely in connection with assessing requests for document production, making them irrelevant to the current dispute. Nevertheless, these cases support Plaintiff's argument that a search protocol is a proper subject for a deposition. For instance, in *Orillaneda v. French Culinary Institution* (which incidentally did not deal with Rule 30(b)(6) depositions at all), the defendant's Vice President of Information Technology provided "a detailed account of defendant's search procedures and information systems in his declaration," and testified regarding the same at his deposition. No. 07 Civ. 3206 (RJH) (HBP), 2011 WL 4375365 (S.D.N.Y. Sept. 19, 2011). Here, Plaintiff is seeking deposition testimony regarding Defendants' document search, which was expressly permitted in *Orillaneda*. *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, likewise deals with requests for document production. 15 Civ. 0293 (LTS) (JCF), 2016 WL 3906712 (S.D.N.Y. July 14, 2016). While Rule 30(b)(6) depositions to assess the defense's claims regarding specific document requests were precluded in certain instances unrelated to the "discovery on discovery" dispute, *id.* at *6, *8–9, the defendants offered a Rule 30(b)(6) witness to testify regarding, among other things, "the document retrieval procedures used in this case," and "the location, storage, and maintenance of" certain relevant documents, *id.* at *8. The last case cited by Defendants, *Freedman v. Weatherford Int'l Ltd.*, again, does not address Rule 30(b)(6) depositions at all. No. 12 Civ. 2121 (LAK) (JCF), 2014 WL 3767034, at *1 (S.D.N.Y. July 25, 2014).

While we do not think it is required, Plaintiff can also demonstrate an "'adequate factual basis' for [her] belief that discovery on discovery is warranted." *See* Defendants' October 23,

2019 Letter Motion (citations omitted). The discovery process thus far has been fraught with irregularities that call the search conducted by Defendants into question. On July 15, 2019, *pro se* Plaintiff served document requests and asked for discovery to be delivered in electronic format. Defense counsel mailed a USB flash drive containing responsive documents to Plaintiff's home, which arrived in late August. Once counsel received the documents to use in preparation for taking and defending depositions, we noted that the production had been in paper format and converted to massive PDF files, stripped of all metadata. There were no page breaks to indicate separate files and the files were inexplicably jumbled. Additionally, certain bates numbers were missing. We wrote to Defendants regarding the missing bates numbers and, only in response to that letter, did defense counsel produce a privilege log. The privilege log contained entries regarding documents that were "inadvertently placed in Plaintiff's file," pertaining to other individuals entirely. Additionally, we identified deficiencies in the format of the log and identified specific documents that did not appear to be privileged. Only in response to that letter did defense counsel produce a revised privilege log and certain documents that had been incorrectly characterized as privileged. During the parties' October 7, 2019 meet-and-confer, defense counsel indicated that the ATR assignment office that coordinates Plaintiff's teaching assignments is a complex structure dealing with a high volume of inflow and outflow.

Finding documents that were inadvertently placed in Plaintiff's file invites the question of whether certain documents that should be included in Plaintiff's files are contained in other employees' files. Likewise, the production deficiencies to date raise concerns about the diligence with which discovery has been conducted. Lastly, based on defense counsel's own admission, the sheer volume of information related to Plaintiff's document requests raises concern about the scope and reliability of document collection. Thus, even if Plaintiff were required to make some sort of factual showing justifying her need to inquire into the topic (she is not), there is clearly such a factual basis here, especially in the context of a Rule 30(b)(6) deposition topic noticed at the early stages of a case.

We look forward to answering any questions Your Honor may have at the telephonic conference currently scheduled for this coming Wednesday at 3:00 p.m.

Very truly yours,

Marion C. Burke